7474 Greenway Center Dr.
Suite 150
Greenbelt, MD 20770-3524

# Sean R. Day
Attorney at Law
Licensed in MD & DC

phone 301.220.2270
fax 301.220.2441
Sean@DayInCourt.Net

September 23, 2021

The Honorable Beth P. Gesner
Chief United States Magistrate Judge

Re:  Saltz v. City of Frederick, et al. • 20-cv-00831-ELH
     Plaintiff's Discovery Dispute Letter

Dear Judge Gesner:

**Case Background**: Jason Saltz sought to protest and leaflet against horse drawn carriages. Defendant Corbett prevented him from doing so on one date; Defendant Wiles, following the same policy, did the same one week later. Defendant Sommers was an off-site supervisor.

**Issue # 1**

The Defendants propounded three sets of interrogatories. Each Defendant's interrogatories were ***not*** tailored to the specifics of each defendant. Rather, it is apparent that the attorney for the Defendants spread various interrogatories among the Defendants to exceed the limit of 25 interrogatories. Interrogatories of interest to and for the benefit of all Defendants were propounded by just one (or in some cases two) of them.

For instance, Sommers alone asked: "If you contend that ***any Defendant*** made any admission with respect to any issue in this case, describe …." (Sommers Interrogatory No. 5) (emphasis added). Clearly this is an interrogatory of interest to, on behalf of, and for the benefit of all Defendants.

Sommers Interrogatory No. 8 is another example: "If any person has given any oral, written, recorded or any other kind of statement … state …."

Corbett alone asks about his date (Nov. 2) ***and*** Wiles's date (Nov. 9): "State the particulars … of any written or verbal statement, comment or report which you claim was made or given ***by any Defendant*** to Plaintiff Saltz concerning the allegations in paragraph 33 … ***on November 2 or November 9, 2019*** …." (Corbett Interrogatory No. 15) (emphasis added).

Wiles alone asks: "Describe with specificity all 'less intrusive means' that you allege, in paragraph 55 of the Amended Complaint, were available to address concerns regarding protecting citizens from excessive noise or unwelcome noise." (Wiles Interrogatory No. 16).

The above are examples. In total, Defendant's counsel propounded 58 numbered interrogatories. The Defendants have the same attorney, join in all filings, and propounded discovery together. There was obvious effort to spread interrogatories among the Defendants

to exceed the limit. They are nominally separate for the purposes of discovery. Alternatively, Rule 26 bars overly burdensome discovery.

Wright & Miller conclude that in some cases parties should be limited to 25 interrogatories per side. "[I]t frequently happens that a number of parties on the same side are represented by a single attorney and in that sense act in unison …. The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation." Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2168.1.

This view has been approvingly cited and adopted in numerous cases like this one. *See, e.g., Gaby's Bags, LLC v. Mercari, Inc.*, 2021 U.S. Dist. LEXIS 45961, at *2-5 (N.D. Cal. Mar. 8, 2021); *City of Fresno v. United States*, 2021 U.S. Claims LEXIS 52, at *19 (Fed. Cl. Feb. 1, 2021) ("All five of the parties … are represented by the same counsel, have identical interests, signed on to the same motion to dismiss, and served their interrogatories collectively as a group."); *Freedom Found. v. Sacks*, 2020 U.S. Dist. LEXIS 69188, at *7-8 (W.D. Wash. Apr. 20, 2020) (interrogatories alternatively unduly burdensome); *Kleiman v. Wright*, 2020 U.S. Dist. LEXIS 58983, at *3-4 (S.D. Fla. Apr. 3, 2020); *Fair Hous. Ctr. of Cent. Ind., Inc. v. Welton*, 2019 U.S. Dist. LEXIS 97071, at *14-15 (S.D. Ind. June 10, 2019) (noting that some interrogatories by one party sought information to be used by all parties); *Felman Prod. v. Indus. Risk Insurers*, 2009 U.S. Dist. LEXIS 102653, at *9 (S.D. W. Va. Nov. 3, 2009); *United States ex rel. Woodruff v. Hawai'i Pac. Health*, 2008 U.S. Dist. LEXIS 137650, at *10-11 (D. Haw. Feb. 29, 2008); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006); *Vinton v. Adam Aircraft Indus.*, 232 F.R.D. 650, 664 (D. Colo. 2005).

**Issue #2**
Plaintiff's Interrogatory 13 requests: "Describe all other speech rules or restrictions that were considered, attempted, or tested prior to (1) approval of the 'Operations Plan [for] Horse Drawn Carriage Rides November 2019' or (2) any speech rule or restriction actually implemented on November 2 or 9, 2019, regarding protest or leafletting activities. For each, explain why it was rejected." Document Request 15 is related. The Defendants objected and did not answer the interrogatory or request. They did purport to answer it under an alternative interpretation — giving a generalized and vague non-answer that the only rule actually implemented (rather than contemplated and rejected) was "to comply with the law."

These discovery requests were propounded in consideration of *McCullen* and *Reynolds*, which held that speech restrictions may not be imposed without a showing that less restrictive alternatives were (1) unavailable or (2) ineffective. "[T]he burden of proving narrow tailoring requires the County to prove that it actually tried other methods to address the problem." *Reynolds v. Middleton*, 779 F.3d 222, 231-232 (4th Cir. 2015). The Plaintiff cannot know what if anything was considered. The Defendants must determine the universe of information and documents that are responsive because the burden is on them in discovery and trial.

Respectfully,
/s/ Sean R. Day /s/
Attorney for Plaintiff