# KARPINSKI, CORNBROOKS & KARP, P.A.
### ATTORNEYS AT LAW
**120 East Baltimore Street, Suite 1850**
**Baltimore, Maryland 21202-1617**

KEVIN KARPINSKI *
E.I. CORNBROOKS, IV
MICHAEL B. RYND
-------------------
J. MICHAEL COLLITON *
JASON C. PARKINS
DAN SCAPARDINE
ASHLEY C. FISHER

\*   Admitted in MD and DC

----------------
410-727-5000
FACSIMILE 410-727-0861
email: bkcklaw@aol.com
website: www.kcklegal.com

DANIEL KARP *
OF COUNSEL
-------
RICHARD COLARESI
RETIRED

September 24, 2021

The Honorable Beth P. Gesner
Chief United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    RE:    340-122
           *Saltz v. City of Frederick, et al.*
           Case No.: 1:20-cv-000831-ELH
           Defendants' Letter submitted for the purpose of resolving discovery disputes

Dear Judge Gesner:

    Pursuant to the Court's letter of August 12, 2021 (ECF 39), Defendants provide the information below setting forth Defendants' position.

    Counsel for Plaintiff has objected, and declined entirely to date, to answer Interrogatories propounded separately by Defendants Sommers, Corbett and Wiles, contending that the total number of Interrogatories is improper and could have been reduced by consolidation. As Defendants understand the objection, it is Plaintiff's contention that the Defendants are only nominally distinct.

    In the operative Amended Complaint (ECF 12), Plaintiff has sued four (4) separate Defendants including the municipal entity of the City of Frederick, Captain Dwight Sommers, Lieutenant John S. Corbett and Sergeant Tracey Wiles. The claims against the City have been bifurcated. The individual Defendants are sued in their individual capacities (*id.*, ¶ 6)

The Honorable Beth P. Gesner
September 24, 2021
Page 2

and grounded on differing factual allegations. Corbett is sued based on allegations of conduct occurring on November 2, 2019. *Id.*, ¶¶ 38, 39. Wiles is sued on allegations of conduct occurring on November 9, 2019. *Id.*, ¶¶ 41-45. Sommers, in pertinent part, is sued for differing conduct attributed to him as well as manifestation of that conduct as it relates to the other two (2) individual Defendants. *Id.*, ¶¶ 38, 41. Each of the Defendants is a separate "party" within the meaning of the Federal and Local Rules.

As a matter of common sense, the individual Defendants that propounded the subject Interrogatories are not merely nominally different. Instead, they are each subject to differing theories of liability. Under Rule 33, Defendants could have collectively propounded a total of 75 Interrogatories, but in fact only collectively propounded 66. Furthermore, the single Plaintiff has propounded separate Interrogatories and Requests for Production to the individual Defendants. In the view of the defense, Plaintiff's position is entirely illogical and utterly lacking in a legal basis. A nominal difference between Defendants may be overlooked where the two parties' interests are essentially identical. This is not the case here.

For the foregoing reasons, Defendants respectfully request the Court issue an order directing Plaintiff to promptly respond to all Interrogatories propounded to date.

Counsel for Defendants objected to Plaintiff's Interrogatories and Requests for Production of Documents seeking "all other speech rules or restrictions that were considered, attempted or tested prior to (1) approval of the "Operations Plan [for] Horse Drawn Carriage Rides November 2019" or (2) any speech rule or restriction actually implemented on November 2 or 9, 2019, regarding protest or leafletting activities." The objection was grounded on the contention the Interrogatories and Requests (all using the same language) are vague, unclear and overbroad. Specifically, the first part of the Interrogatories and Requests demands a virtually limitless universe of documents regarding unspecified restrictions created prior to approval of the identified Operations Plan, for an unlimited period of time. Without waiving the objection, Defendants then did proceed to answer the Interrogatories and Requests for Production of Documents to the best of their respective capacities to do, limiting the answers or response to the

The Honorable Beth P. Gesner
September 24, 2021
Page 3

subject matter in the operative Complaint. In other words, answers and responses have been provided, in the view of the defense. On this basis, Defendants respectfully request the Court sustain the objection by the defense and deem the answers and responses adequate.

        Respectfully submitted,

        KARPINSKI, CORNBROOKS & KARP, P.A.

        /s/

        By:   Kevin Karpinski

KK:mr